MEMORANDUM *
Petitioner David L. King appeals the federal district court’s denial of his petition for a writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.
King’s due process rights were not violated. Under all of the circumstances, there was not a substantial likelihood of irreparable misidentifieation. See Mansou v. Brathwaite, 432 U.S. 98, 116, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). The reliability of the identification was called into question during cross-examination and it was the province of the jury to attach weight to the identification testimony. See id.
It is clear from the record that King’s motion for stay was meant to apply to the amended mixed petition King filed the same day.[1] Therefore, in determining whether to grant the motion for a stay and abeyance on the mixed petition, the district court correctly considered whether there was good cause for failure to exhaust the claim and whether the claim was plainly meritless. See Rhines v. Weber, 544 U.S. 269, 278, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).
The district court did not abuse its discretion in denying King’s motion for stay. First, the claim is plainly meritless as a *474 Fourth Amendment challenge because King had an opportunity in state court to fully and fairly litigate this claim and federal habeas corpus relief is therefore unavailable. See Stone v. Powell, 428 U.S. 465, 494, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). Second, King has not shown good cause for failing to exhaust his claim that the failure to hear his pre-trial motion was attributable to the state trial court and that this failure violated his due process rights.
The remaining issues were not certified for appeal and thus, we do not consider them. See Hiivala v. Wood, 195 F.3d 1098,1103 (9th Cir.1999) (per curiam).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the district court certified for appeal the search and seizure issue — the unexhausted claim in the amended petition — the COA encompasses the issue of the denial of the stay. See Jones v. Smith, 231 F.3d 1227, 1231 (9th Cir.2001) ("Absent an explicit statement by the district court, in cases where a district court grants a COA with respect to the merits of a constitutional claim but the COA is silent with respect to procedural claims that must be resolved if the panel is to reach the merits, we will assume that the COA also encompasses any procedural claims that must be addressed on appeal.”).